IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Donna Marie Rossillio,<br>           Plaintiff,<br><br>           v.<br><br>Overbrook School for the Blind,<br>and Gerald Kitzhoffer ,<br>           Defendants. | CIVIL ACTION<br><br><br><br>NO.  16-1649 |

DuBois, J.                                                                                                                July 29, 2016

**M E M O R A N D U M**

**I.        INTRODUCTION**

      This is an employment case. Plaintiff's Second Amended Complaint asserts five claims: breach of contract (Count I); tortious interference with contract and pension rights (Count II); retaliation in violation of Fair Labor Standards Act (Count III); violation of the Pennsylvania Wage Payment and Collection Law (Count IV); and a claim under 42 U.S.C. § 1983 for an alleged violation of plaintiff's Fourteenth Amendment Due Process rights (Count V).

      Presently before the Court is the Motion to Dismiss and, in the alternative, Motion for Summary Judgment filed by defendants, Overbrook School for the Blind ("OSB") and Gerald Kitzhoffer (Kitzhoffer). The Motions seek dismissal of plaintiff's § 1983 claims asserted in Count V of the Second Amended Complaint.

      For the reasons that follow, the Court denies the Motion to Dismiss and declines to convert it to a Motion for Summary Judgment.

**II.        BACKGROUND**

      The facts of the case as alleged in plaintiff's Second Amended Complaint are as follows: Plaintiff Donna Marie Rossillio was employed as a "Supervisor of Housekeeping" by defendant,

OSB, for over fifteen years. Each year, defendant provided plaintiff with a letter of intent, signed by the Director, offering plaintiff employment for the following year. The letters of intent identified the position, salary, and term of employment, and directed plaintiff to sign and return it to Human Resources.

On June 6, 2014, OSB provided plaintiff with a Letter of Intent to renew her employment for the 2014-2015 school year. The Letter of Intent included an increase in salary from the previous year that reflected a "special adjustment for additional duties." Plaintiff discussed this change in duties with Joe Van Bernum, OSB's business manager and CFO, and was told that the offer of employment included all of her previous duties as Supervisor of Housekeeping and additional, more physically demanding work. Plaintiff informed Van Bernum that she did not want to accept the additional duties referenced in the June 6, 2014 Letter of Intent. As a result, defendant rescinded the June 6, 2014 Letter of Intent and gave plaintiff a new Letter of Intent to plaintiff on June 19, 2014. This Letter provided a lower salary and did not include the "additional duties" provision of the June 6, 2014 Letter of Intent. Plaintiff signed the June 19, 2014 Letter of Intent and returned it to Human Resources.

According to plaintiff, approximately one week after she signed and returned the June 19, 2014 Letter of Intent, Van Bernum informed plaintiff that she would be required to perform the additional duties that the parties had previously agreed to exclude from plaintiff's job responsibilities, and that she would receive no additional financial compensation for that work. He also told plaintiff that she had no choice but to accept the additional duties. In response, plaintiff resigned on July 8, 2014.

The Second Amended Complaint was filed on June 9, 2016. Relevant to the § 1983 claim, that Complaint alleges that plaintiff had a constitutionally protected property interest in

her employment with defendant, she was constructively discharged without due process, and this deprivation constituted state action. Plaintiff asserts this Due Process claim against OSB and Kitzhoffer.

### III.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

Rule 12(d) provides that "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). "Conversion of a 12(b)(6) motion takes place at the discretion of the court." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993). "If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs." *Garita Hotel Ltd.*

*Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 18-19 (1st Cir. 1992); *see also Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987).

### IV.     DISCUSSION

#### A.  Section 1983 claim against Overbrook School for the Blind

First, defendants move to dismiss the § 1983 claim against OSB on the ground that OSB is not a state actor. The Court denies defendants' Motion to Dismiss on this ground because plaintiff has adequately pled that OSB acted under color of state law. Specifically, the Complaint alleges that the Pennsylvania Department of Education exercises substantial and direct control over the school's operations and the Governor of Pennsylvania "is or was a statutorily authorized member of its Board of Trustees." Compl. ¶ 46.

To state a § 1983 claim, plaintiff must plead that defendants acted "under the color of state law." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, (1982). To determine whether OSB, a private entity, acted under color of state law, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). The analysis of this question depends on "the peculiar facts or circumstances present." *Burton v. Wilmington Parking Auth*. 365 U.S. 715, 861-862 (1961).

In *Leshko v. Servis*, the United States Court of Appeals for the Third Circuit divided cases with state action issues into two categories: (1) cases involving *activity* that is significantly encouraged by the state or in which the state is a joint participant and (2) cases involving an *actor* who is controlled by the state, performs a state delegated function or is entwined with

4

government policies or management. *Leshko*, 423 F.3d at 340.

This case does not fall into the first *Leshko* category. Plaintiff does not allege that the Commonwealth was a joint participant in any of OSB's actions that gave rise to this case. Therefore, plaintiff's § 1983 claim can only succeed if it meets the standard applied to the second *Leshko* category of cases.

The second *Leshko* category is satisfied if, *inter alia*, there is a "symbiotic relationship" between the actor and the state. *Id.* at 341. This symbiotic relationship test requires significant state involvement beyond funding and regulation. *Imperiale v. Hahnemann Univ.*, 776 F. Supp. 189, 197 (E.D. Pa. 1991), *aff'd*, 966 F.2d 125 (3d Cir. 1992). Commonly, courts will find a symbiotic relationship where the state exercises control over the private organization's board seats and has the authority to review expenditures and operational decisions. *See, e.g.*, *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 298 (2001) (finding a "symbiotic relationship" where, *inter alia*, state officials "are assigned ex officio to serve as members of the board of control"); *Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94, 102 (3d Cir. 1984) (finding a "symbiotic relationship" where the state had authority to appoint multiple board members and to review and make administrative decisions).

Plaintiff has sufficiently pled facts showing that OSB has a "symbiotic relationship" with the Commonwealth of Pennsylvania. Specifically, plaintiff alleges that the Commonwealth does or did have control over one of OSB's board seats and "exercises substantial and direct control over the school's operations." Compl. ¶ 46. These facts, accepted as true for the purposes of the Motion to Dismiss, establish a "symbiotic relationship" between OSB and the Commonwealth, such that OSB can be considered a state actor. Accordingly, the Motion to Dismiss plaintiff's § 1983 claim against OSB is denied on this ground.

The Court declines to treat defendants' Motion to Dismiss as a motion for summary judgment. Accordingly, it did not consider the documents attached to defendants' Motion and their Reply. That decision was based on the fact that the parties have not "had a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### B. Section 1983 claim against Kitzhoffer

Plaintiff has also named as a defendant Gerald Kitzhoffer, the Director of OSB. Defendants argue Kitzhoffer cannot be liable under § 1983 for his actions as Director because, if OSB is not a state actor, Kitzhoffer is not a state actor. That argument is premised on a ruling, sought by defendants but denied at this stage of the proceeding, that OSB is not a state actor. Accordingly, the Court rejects this argument.

The factual allegations in the Complaint, accepted as true at this stage of the litigation, are sufficient to establish that OSB is a state actor. Thus, on the present state of the record, the claim against Kitzhoffer is not subject to dismissal on state action grounds.

### C. Plaintiff has adequately pled a Due Process Violation

Next, defendants argue that, even if OSB acted under color of state law, plaintiff failed to adequately plead a Due Process violation. Specifically, defendants argue that plaintiff voluntarily quit her job, and was therefore never deprived of a property interest by defendants. The Court rejects this argument. Plaintiff adequately pled constructive discharge, which amounts to a deprivation of her property interest in the wages and benefits remaining under her contract.

To support a Due Process claim, plaintiff must allege facts showing (1) that she had a property interest, and (2) that defendant deprived her of that interest without due process. *See Board of Regents v. Roth,* 408 U.S. 564, 569-570 (1972). A defendant violates the Due Process Clause if they, under the color of state law, fire an employee who is under contract without a

hearing. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("[T]his principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment."); *Roth*, 408 U.S. at 569-570 (1972); *Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 31 (3d Cir. 1974).

A plaintiff alleging a property interest in employment "must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Hill v. Kutztown,* 455 F.3d 225, 234 (3d Cir. 2006). A "plaintiff must demonstrate entitlement to a property interest created expressly by . . . a mutually explicit understanding between a government employer and an employee." *O'Donnell v. Simon*, 362 F. App'x 300, 303-04 (3d Cir. 2010) (citing *Carter v. Philadelphia,* 989 F.2d 117, 120 (3d Cir. 1993)).

An employer can violate the Due Process Clause through a constructive discharge. *See Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002) ("We focus our analysis on the determination of whether Rusnak retired voluntarily or was constructively discharged."); *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999). To claim that she has been constructively discharged, plaintiff must show that the employer forced her to resign through coercion or distress, or because the employer misrepresented a material fact. *Leheny*, 183 F.3d at 227 (3d Cir. 1999); *see also Tomaselli v. Upper Pottsgrove Twp.,* 2004 WL 2988515, *7 (E.D. Pa. Dec. 22, 2004) ("Under the liberal pleading requirements of Rule 8(a), it cannot be said Plaintiff relinquished her property interest in continued employment through retiring of her own free will as she asserts many facts which could lead a jury to conclude that she was forced by her employer to resign as a result of duress.") Whether an employee was coerced or under duress is evaluated from the perspective of a reasonable person. *Id.* at *6.

Plaintiff has pled sufficient facts to support a claim that she was constructively discharged. Specifically, she alleges that:

- "Approximately one week after entering into the employment contract . . . Van Bernum informed plaintiff that she would be required to perform the additional duties discussed and rejected." Compl. ¶ 22.
- "The non-supervisory duties assigned to plaintiff in violation of her contract included physical labor of moving deliveries as well as extended work hours." Compl. ¶ 23.
- "These duties as well as others had been performed by a full time person who was being laid off." Compl. ¶ 23.
- "Plaintiff was advised that she would receive no financial consideration for the additional work." Compl. ¶ 22.
- "Plaintiff was told that she had no choice but to accept defendant's assignment of the additional non-supervisory duties." Compl. ¶ 25.
- "Defendants['] actions left her the options of being terminated, resigning, or retiring." Compl. ¶ 26.

Plaintiff has also pled all of the elements necessary to state a Due Process claim:

- That because she and OSB had a "bargained for employment contract . . . for a defined term of one year at an agreed to salary," she had a property interest; Compl. ¶ 21.
- That because she was constructively discharged by defendant, she was deprived of a property interest; Compl. ¶ 26.
- And, that because defendant did not provide her any type of hearing before

8

her discharge, she was deprived of a property interest without due process. Compl. ¶ 24, 25.

For all of the foregoing reasons, defendants' Motion to Dismiss on this ground is denied.

## V.     CONCLUSION

For the foregoing reasons, the Court denies Defendants Overbrook School for the Blind and Gerald Kitzhoffer's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint without prejudice to defendants' right to move for summary judgment on this ground following a full opportunity for discovery on the relationship between the Commonwealth of Pennsylvania and defendants. An appropriate order follows.